PD-1354-14

PD-1354-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/24/2015 11:27:03 PM
Accepted 4/27/2015 2:54:30 PM
ABEL ACOSTA
CLERK

In the Texas Court of Criminal Appeals

Chester A Staples, Appellant

v.

The State of Texas, Appellee

Cause **PD-1354-14**

From the 12th Court
of Appeals of Texas

## MOTION FOR REHEARING ORDER DENYING DISCRETIONARY REVIEW

Honorable Court of Criminal Appeals:

Appellant Chester Staples seeks a rehearing of the order denying his petition for discretionary review. The motion is not made for delay, but is instead based on two very recent appellate opinions that reach irreconcilable results regarding necessity in a self-defense scenario. Because this case turns on the same necessity issue and its result differs from both intervening opinions, the Court is well within its prerogative to grant the motion for rehearing to consider the issue.

A conflict between courts on a single issue is substantial. *See, e.g.,* Tex. Rule App. Proc. 66.3(a). Because conflict on the issue arose after the denial order and before the request for rehearing, it is an intervening circumstance that justifies a rehearing in this case. *See* Tex. Rule App. Proc. 79.2(c).

1

## NECESSITY REJECTED ON APPEAL

In an unpublished memorandum opinion, the court affirmed Staples's murder and unlawful possession of a firearm by a felon convictions. *Staples v. State*, No. 12-13-00126-CR (Tex. App.--Tyler, September 17, 2014, pet. ref'd.)(memo. op., not designated for publication)("Opinion"). Though the court found Staples had an immediate need to shoot back to avoid harm after the deceased shot him in the face and hand, it held necessity was not raised because Staples could not show "why his own death would have been a greater harm" than the deceased's. *Id.* at p. 5-6.

## NECESSITY RAISED IN THE PETITION

Staples plates his position as follows: "It should have been up to the jury to determine … whether the circumstances meet the criteria of [Texas Penal Code §] 9.22." Notwithstanding a host of constitutional challenges, he basically contends the court of appeals misconstrued the necessity justification statute. The Court denied review over the Presiding Judge's lone dissent on March 25, 2015.

Within days of the order denying review, two intermediate courts reversed the trial court for failing to include a self-defense instruction, yet each reached a conflicting conclusion on the necessity defense. Neither opinion was published, but the Court has noted the value of such cases to "demonstrate the conflict among the intermediate courts." *Alford v. State*, 358 S.W. 3d, 647, 657 n. 21 (Tex. Crim. App. 2012).

The Amarillo Court of Appeals held the immediate need for self-defense entitles a defendant to both self-defense and necessity instructions. *Evans v. State*, No. 07-14-00145-CR (Tex. App.--Amarillo, Mar. 23, 2015, no pet.)(memo. op., not designated for publication). The Amarillo Court appears to view an immediate need as the dispositive factor for both self-defense and the necessity justification. *See id*. at *11.

The very next week, the Fort Worth Court of Appeals found "a complete absence of evidence of immediate necessity or imminent harm" for the necessity defense, but nonetheless reversed the trial court for failure to include a self-defense instruction. *Beckstrand v. State*, No. 02-12-00480-

CR at *15 (Tex. App.--Ft. Worth, Apr. 2, 2015, no pet.)(memo. op., not designated for publication). To raise a self-defense claim, the actor must reasonably believe that force is "immediately necessary" to protect against the other's attempted use of unlawful force. Tex. Penal Code § 9.31.

This conflict among intermediate courts intervened between the Court's order and this request for rehearing.

Here, the Tyler Court of Appeals found an immediate necessity to avoid imminent harm, meeting the first element of the defense. Opinion at p. 4; Tex. Penal Code § 9.22(1). Staples received a self-defense instruction at trial. Opinion at p. 2. But the appellate court held the necessity defense was not raised because Staples offered "no reason on appeal why his own death would have been a greater harm" than the deceased's. *Id.* at p.5. As such, the court held, the evidence did not satisfy the second element of the necessity defense, that "the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct[.]" *Id.* at p. 5-6; Tex. Penal Code § 9.22(2).

CONCLUSION

The Court should decide whether the immediate need to protect one's self from imminent harm raises the necessity justification. In a ten-day span, two appellate courts reached conflicting results on the necessity justification for self-defense. Because this case involves the exact same issue and the intervening conflict arose just days after the order denying review, the Court is asked to grant the motion for rehearing.

Respectfully submitted,

/s/Harley Martin
Harley Martin
Texas Bar 24068879
Post Office Box 2331
Austin, Texas 78768
Tel: (512) 679-2110
Fax: (877) 640-6216
harley.esq@gmail.com
For Chester Alan Staples

CERTIFICATE OF COMPLIANCE

Per Appellate Rule 9.4(i)(3), this motion contains 849 words.

/s/Harley Martin
Harley Martin

CERTIFICATE OF SERVICE

This motion was electronically served on the Anderson County District Attorney, 500 North Church Street, Palestine, Texas 75801 at phudson@co.anderson.tx.us, and the State Prosecuting Attorney, P.O. Box 13046 Austin, Texas 78711-3046 at information@spa.texas.gov on April 24, 2015.

/s/Harley Martin
Harley Martin